IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DANIELLE RUIZ, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-22-01806 |
| AMIGOS BAR, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Plaintiffs, five professional models, brought this suit against Defendants Amigos Bar, Inc. ("Amigos") and its co-owners Carlos and Javier Navarro Sotelo, alleging that Defendants misappropriated, altered, and published images of the Plaintiffs without consent for the purpose of promoting their Baltimore bar. (Compl., ECF No. 1.) Presently pending before the Court is a Motion by Amigos and Carlos Navarro Sotelo (ECF No. 13) to set aside the Order of Default that was entered against them on October 31, 2022. (ECF No. 9.) Plaintiffs did not respond to the Motion, and it is now ripe for disposition. No hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, a separate Order shall issue granting the Motion.

### *I.  Factual Background and Procedural History*

Plaintiffs Danielle Ruiz, Claudia Sampedro, Jessica "Jessa" Hinton, Mercedes Terrell, and Jessica Burciaga are professional models and public personalities who "earn [their] livelihood[s] modeling and licensing [their] images to companies, magazines, and individuals for the purpose of advertising products and services." (Compl. ¶ 16.) Their Complaint alleges that at least one image of each Plaintiff was posted on a Facebook page publicizing "Los Amigos Sport Bar," an

establishment operated by Amigos. (*Id.* ¶ 14; Exs. A–E to Compl., ECF Nos. 1-1–1-5.) Plaintiffs do not specifically allege when these images were posted, although three of the images submitted to the Court include timestamps from December 2018 and January 2019. (*See generally* Compl.; Exs. A–B to Compl.) While some of the images were uploaded by Los Amigos Sport Bar itself, others were posted to the business's Facebook page by other users. (Exs. A–E to Compl.) Plaintiffs allege that "at no point have [they] . . . ever been affiliated with or employed by Los Amigos . . . [or] endorsed Los Amigos[.]" (Compl. ¶ 43.) Defendants' alleged "misappropriation of Plaintiffs' images, and publication of [the] same, were done without the knowledge or consent of Plaintiffs, and Defendants did not compensate Plaintiffs for the[ ] use of their images." (*Id.* ¶ 44.)

On July 22, 2022, Plaintiffs commenced this action. (*See generally id.*) They allege several claims including negligence, conversion, unjust enrichment, and quantum meruit, and they further assert that Defendants' conduct violated the Lanham Act's prohibitions on false advertising and false association, 15 U.S.C. § 1125(a)(1)(A)–(B); the Maryland Consumer Protection Act's ("MCPA") proscription of unfair and deceptive acts, practices, and competition, Md. Code Ann., Com. Law § 13-301; and Plaintiffs' common law rights to privacy and publicity. (*Id.* ¶¶ 61–141.) Plaintiffs seek monetary damages and a permanent injunction barring Defendants from using Plaintiffs' likenesses to promote Los Amigos Sport Bar. (*Id.* at 21.)

Defendants Amigos and Carlos Navarro Sotelo were served with the Complaint and summons on or about August 23, 2022.[1] (Decl. John V. Golaszewski Supp. Mot. Default, ECF

---

[1] According to the instant Motion, Defendant Javier Navarro Sotelo had not been served in this matter as of November 30, 2022. (ECF No. 13 at 2.) Nonetheless, he has since entered his appearance via the Answer filed on behalf of all Defendants. (ECF No. 12.) He has thus waived service of process and the Court may properly exercise personal jurisdiction over him in this matter. *See* Fed. R. Civ. P. 4(e)(1) (providing that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"); *Ireton v. City of Baltimore*, 61 Md. 432 (1884) ("[S]ervice of the writ is not essential. If the defendant appears, that gives the court jurisdiction to proceed[.]") (quotations omitted); *see also United States v.*

No. 8-1, ¶ 4.) On October 28, 2022, after Defendants failed to timely answer the Complaint, Plaintiffs moved for an entry of default against them pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 8.) The Clerk entered default as to Amigos and Carlos Navarro Sotelo on October 31, 2022. (ECF No. 9.)

On November 30, 2022, Defendants—including Javier Navarro Sotelo—filed an Answer to Plaintiffs' Complaint, (ECF No. 12), and Amigos and Carlos Navarro Sotelo filed the instant Motion to Set Aside Default. (ECF No. 13.) In support of the Motion, Carlos Navarro Sotelo concedes that he was served in August 2022, but that he "had no idea what the papers were about or the significance of being sued." (Aff. Carlos Navarro Sotelo Supp. Mot. Set Aside Default, ECF No. 13-1, ¶¶ 2–3.) His wife texted the family's attorney, Peter A. Prevas, "using a Spanish/English translator," which apparently confused the message such that "Mr. Prevas did not understand [it]." (*Id.* ¶ 3.) When Carlos Navarro Sotelo received the Certificate of Default, he "realized something had slipped through the cracks and . . . deliver[ed] the papers that [he] had received" to Mr. Prevas's office. (*Id.*)

In addition to their explanation for the default, Amigos and Carlos Navarro Sotelo assert several substantive defenses to Plaintiffs' litigation, including that the statute of limitations has run for "most[,] if not all, of the alleged offending photos"; that most of the images "were posted by others and not Amigos Bar, Inc. or its agents, servants, or employees"; and that similar litigation in other courts has created a "genuine issue" as to whether, in images like those at issue here, the subjects "are recognizable as well known public figures, and if so, whether it is reasonably inferred" that Plaintiffs were endorsing Defendants' business "sufficient to support a claim for

---

*Martin*, 356 F. Supp. 2d 621 (W.D. Va. 2005) (applying Virginia state court precedent pursuant to Rule 4(e) to determine whether a general appearance to contest the merits of a suit constituted a waiver of service).

false association and/or false advertising under the Lanham Act." (*Id.* ¶ 4 (citing *Mayes v. Summit Entertainment Corp.*, 287 F. Supp. 3d 200 (E.D.N.Y. 2018)).)

## II.  *Legal Standard*

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The decision whether to set aside an entry of default pursuant to a Rule 55 motion "lies largely within the discretion of the trial judge." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Id.* at 421 (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Courts consider six factors when determining whether to set aside an entry of default pursuant to Rule 55 (the "*Payne* factors"): (1) "whether the moving party has a meritorious defense" to the nonmovant's claims, (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party" in the underlying action. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

4

## A. *Analysis*

Applying the *Payne* factors here, the Court finds that all weigh in favor of setting aside the Clerk's entry of default against Amigos and Carlos Navarro Sotelo. First, the Motion raises defenses which, based on an assessment of the present record, may be meritorious: several of the images on which Plaintiffs rely are not fully timestamped and were evidently posted by Facebook users other than Los Amigos Sport Bar, raising genuine questions as to both the timeliness of Plaintiffs' suit and the culpability of Defendants such that a reasonable court or jury could find in Defendants' favor. (Exs. A–E to Compl.) Second, the Court notes that the Defendants acted promptly and within 30-day window allotted under Local Rule 108.2 (D. Md. 2021) in moving to set aside default. Third, while Carlos Navarro Sotelo bore personal responsibility for timely responding to this suit, the Court credits his assertions that he did not initially understand the significance of service and that he reached out to his attorney immediately upon receiving notice of the default. Fourth, Plaintiffs do not claim that any prejudice would result from setting aside the default, and in fact the entry of default judgment would prejudice the *Defendants* significantly in view of their potentially meritorious defenses to liability. Fifth, the record reflects no history of dilatory action on the part of the Defendants. Finally, Plaintiffs have not suggested that other sanctions are appropriate at this time, nor does the Court believe that they are. The Court thus concludes that the entry of default against Amigos and Carlos Navarro Sotelo should be set aside.

## III. *Conclusion*

For the foregoing reasons, a separate Order shall issue granting the Motion to Set Aside Default as to Defendants Amigos Bar, Inc. and Carlos Navarro Sotelo.

DATED this \_\_\_20\_\_\_ day of January, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge